**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

June 1, 2026

LETTER TO COUNSEL:

RE:   *John D. v. Frank Bisignano, Commissioner of Social Security*
      Civil No. TJS-25-2321

Dear Counsel:

On June 4, 2025, Plaintiff John D. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 11 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

John D. filed his applications for DIB and SSI on November 16, 2020. In both applications, he alleged a disability onset date of April 1, 2020. *See* Tr. 21. His applications were denied initially and upon reconsideration. *Id.* A hearing was held before an ALJ on April 17, 2024. *Id.* After conducting the hearing, the ALJ issued a written decision dated June 28, 2024, in which he concluded that John D. was not disabled under the SSA. Tr. 21-39. The Appeals Council denied John D.'s request for review, making the ALJ's June 28, 2024, decision the final, reviewable decision of the agency.

The ALJ evaluated John D.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.[2] At step one, the ALJ found that John D. has not engaged in substantial gainful activity since April 1, 2020. Tr. 23. At step two, the ALJ found that John D. suffers from the following severe impairments: "degenerative disc disease of the lumbar spine, neuropathy of the hands and feet, obesity, fibromyalgia, depressive disorder, alcohol abuse disorder, polysubstance use disorder." Tr. 24. At step three, the ALJ found that John D.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Douglas R. Miller. On February 27, 2026, it was reassigned to me.

[2] Because the relevant DIB and SSI regulations are virtually identical, the Court will cite only the DIB regulations. The parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 25-28. The ALJ determined that John D. retains the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently. He can push/pull as much as he can lift/carry. He can sit for six hours in an eight-hour workday, alternating to standing for ten minutes during each hour of sitting while remaining on task. The claimant can stand and/or walk for four hours, alternating to sitting for ten minutes during each hour of standing and/or walking while remaining on task. The claimant can operate foot controls with the right foot occasionally, he can operate foot controls with the left foot occasionally. The claimant can operate hand controls with the right hand occasionally, he can operate hand controls with the left hand occasionally. The claimant can handle items frequently with the left hand and can handle items frequently with the right hand. The claimant can frequently finger with the left hand. The claimant can frequently finger with the right hand. The claimant can frequently feel with the left hand. The claimant can frequently feel with the right hand. The claimant can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. The claimant can move mechanical parts occasionally. The claimant can occasionally operate a motor vehicle. He can occasionally tolerate exposure to extreme cold. The claimant is able to perform simple, routine tasks, make simple work-related decisions, can occasionally interact with supervisors, co-workers, and the public. He can tolerate few changes in the routine work setting, defined as "occasional" changes in a routine work setting.

Tr. 28.

At step four, the ALJ determined that John D. is unable to perform past relevant work. Tr. 37. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that John D. could perform jobs that exist in significant numbers in the national economy, including document preparer, sorter, and circuit board assembler. Tr. 37-38.

John D. argues that the ALJ improperly assessed his RFC by, among other things, failing to explain how the RFC accounted for his moderate limitations in two functional areas. Because the Court agrees with John D.'s argument on this point, the Court will remand the case for further proceedings. The Court declines to address John D.'s other arguments.

The ALJ found that John D. has a moderate limitation with regard to concentrating, persisting, or maintaining pace, and a moderate limitation with regard to adapting or managing oneself. Tr. 27. The ALJ explained:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The undersigned finds the claimant's psychiatric conditions justify "moderate" limitation in this area of functioning based on his testimony, the

mental status examinations, the claimant's remarks in his function reports, and the observations of the claimant's healthcare providers.

As for adapting or managing oneself, the claimant has experienced a moderate limitation. Notwithstanding the claimant's report of having his mother as a home health aide, the claimant's testimony, the function reports, mental status examination findings, and the observations of the claimant's healthcare providers, do not support the conclusion that his psychiatric disorders result in greater than "moderate" limitation in his ability to adapt and manage[] himself.

Tr. 27-28 (citations omitted).

The ALJ explained how the RFC was meant to account for John D.'s mental impairments:

To account for the Claimant's mental health impairments and any alleged impact from his pain management medications, the Claimant is limited to simple, routine tasks and simple work-related decisions to limit work complexity that could be difficult to accomplish during times of increased depression; no more than occasional interaction with others due to the same and to reduce interpersonal interactions; and no more than occasional changes in a routine work setting to reduce stress and anxiety that could exacerbate pain and emotional symptoms.

Tr. 35.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*; *see also Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025) (explaining that an ALJ erred by saying nothing about a claimant's ability to perform tasks for a full workday, given the claimant's moderate limitations in concentrating, persisting, or maintaining pace and moderate limitations in remembering information).[3]

Because the ALJ found that John D. had moderate limitations in concentration, persistence, or pace, the ALJ was required to incorporate those limitations into the RFC or explain why no limitation in the RFC was required. The ALJ failed to do so here. Although the ALJ limited John D. to performing simple, routine tasks, and only making simple work-related decisions, "the ability to perform simple tasks differs from the ability to stay on task." *Mascio*, 780 F.3d at 638. The ALJ's explanation, that the RFC limitations were formulated "to limit work complexity that could

---

[3] Unpublished Fourth Circuit opinions are cited "for the persuasiveness of their reasoning, not for any precedential value." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 580 (D. Md. 2022).

be difficult to accomplish during times of increased depression," says nothing about John D.'s ability to stay on task while performing simple, routine tasks for a full workday and workweek. In other words, the ALJ's explanation addresses task complexity but not pace, persistence, and staying on task. *Mascio* requires more than what the ALJ's decision provides. *See Linger*, 2025 WL 40548, at *5.

The Commissioner cites *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). In contrast, the ALJ's decision here does not explain why John D.'s moderate difficulties in concentration, persistence, and pace do not translate into a limitation in the RFC (beyond a limitation to simple, routine tasks). In fact, the ALJ appeared to believe that the limitations *did* warrant the inclusion of limitations in the RFC.

The Commissioner also argues that a 2017 regulatory update relieves ALJs of their duty to formulate RFC limitations for claimants with moderate limitations in concentration, persistence, or pace (or to explain why no such RFC limitations are required). Of course, the Fourth Circuit continues to apply *Mascio*'s holding, even after the 2017 regulatory update. *See, e.g.*, *Linger*, 2025 WL 40548, at *5. This Court will do so as well.

Without a clear and specific explanation as to how the RFC accounts for John D.'s difficulties in concentration, persistence, and pace (or why no such limitations are necessary), the Court is unable to properly review the ALJ's decision. *See Laura G. v. Kijakazi*, No. BAH-22-1380, 2023 WL 1865618, at *5 (D. Md. Feb. 9, 2023) ("After an ALJ has made a step three finding that a claimant suffers from moderate CPP difficulties, the ALJ must either include a corresponding limitation in the RFC or explain why no such limitation is necessary. . . . The ALJ did neither, so remand is required."); *Chad H. v. Kijakazi*, No. BAH-22-1241, 2023 WL 2837524, at *1 (D. Md. Apr. 6, 2023) (same); *Kimberli H. v. Kijakazi*, No. MJM-22-2850, 2023 WL 8479510, at *5 (D. Md. Dec. 7, 2023) (remanding the case because "the ALJ failed to provide adequate explanation and support for her decision that Plaintiff was moderately limited in concentration, persistence, and pace; failed to include this limitation in the hypothetical posed to the vocational expert, or explain this omission; and failed to account for this limitation in the RFC assessment, or explain its omission").

The same principle applies to the ALJ's discussion of John D.'s moderate limitations in adapting or managing oneself. The regulations define adapting or managing oneself with reference "to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(E)(4). The ALJ's stated rationale for limiting John D. to "no more than occasional changes in a routine work setting to reduce stress and anxiety that could exacerbate pain and emotional symptoms" addresses possible environmental triggers, but it does not explain how the limitation addresses John D.'s problems with regulating emotions, controlling behavior, or maintaining well-being on a sustained basis. Without additional

4

explanation, the Court is unable to review the ALJ's decision to determine if it is supported by substantial evidence.

This case will be remanded for further proceedings. On remand, the ALJ should explain how the RFC limitations account for the claimant's limitations in concentration, persistence, or pace, and in adapting or managing oneself. If the ALJ believes that no limitations in the RFC are necessary to account for the claimant's difficulties in these areas, the ALJ should provide an explanation so that, if required, the Court may conduct its review.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 11 & 13), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion on the agency's ultimate disability determination.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge

5